IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALIN CHRISTOPHER PROPHETE,

    Plaintiff,

v.                                    Case No. 4:18-cv-204-RH-GRJ

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prisoner litigant, initiated this case by filing ECF No. 1, a handwritten "petition for declaratory judgment," and ECF No. 2, a motion for leave to proceed in forma pauperis.

Plaintiff alleged in his petition that the Florida Department of Corrections ("FDOC") has denied him his constitutional right to adequate medical care. The Court construed Plaintiff's filing as a civil rights complaint under 42 U.S.C. § 1983. Plaintiff, however, did not file his complaint on the proper court-approved civil rights complaint form to be used by pro se prisoner litigants. Similarly, although Plaintiff filed a motion for leave to proceed as a pauper, he did so on an old version of the form, which lacked the requisite prisoner consent form and financial affidavit.

The Court therefore ordered Plaintiff to file an amended complaint on the proper court-approved civil rights complaint form and file an amended motion for leave to proceed in forma pauperis on or before May 21, 2018. (ECF No. 4.) The Court advised Plaintiff that failure to comply with the Court's order within the allotted time, or to show cause why Plaintiff is unable to comply, would result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to follow a Court order. (*Id.*) As of the date of this report and recommendation Plaintiff has not filed an amended complaint or an amended motion to proceed in forma pauperis as directed.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to file an amended complaint and file an amended motion to proceed as a pauper by May 21, 2018, and despite a

clear warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed without further notice, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 30th day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**